NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0262n.06
Filed: May 15, 2008

No. 07-5315

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROSANN M. WILKS, et al., | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiffs-Appellees*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| THE PEP BOYS, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    COLE and GRIFFIN, Circuit Judges; and FORESTER, District Judge.[*]

**R. GUY COLE, JR., Circuit Judge.** Plaintiffs, employees or former employees of The Pep Boys ("Defendant" or "Pep Boys"), filed suit under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") on behalf of themselves and others similarly situated, alleging that Defendant unlawfully deprived them of their right to overtime compensation. Defendant filed a motion for partial summary judgment, arguing that, under 29 U.S.C. § 207(i), Plaintiffs are exempt from the FLSA's overtime pay requirements because they were paid in the form of commission. The district court denied the motion, holding that Defendant's flat-rate payment system does not qualify as a commission under the FLSA, but subsequently certified the issue for interlocutory appeal.

---

[*]The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Though we generally review de novo a district court's grant of summary judgment, *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 893 (6th Cir. 2006), on interlocutory appeal, "we have no authority to review the district court's findings of fact, but must confine our review to pure questions of law." *Nw. Ohio Adm'rs, Inc. v. Walcher & Fox, Inc.*, 270 F.3d 1018, 1023 (6th Cir. 2001) (citing *Foster Wheeler Energy Corp. v. Metro. Know Solid Waste Auth., Inc.*, 970 F.2d 199, 202 (6th Cir.1992) ("On interlocutory appeal the appellate court has no authority to review disputed questions of fact.")). Therefore, on appeal, Pep Boys is limited to challenging the district court's legal conclusions and cannot relitigate factual issues. *See Gregory v. City of Louisville*, 444 F.3d 725, 742-43 (6th Cir. 2006) ("To the extent that an appellant on an interlocutory appeal argues issues of fact and law on appeal, this Court will only entertain pure issues of law.").

The district court accurately noted that although the term "commission" is not defined in either the statute or its implementing regulations, this Court explicitly instructs that overtime exemptions are "affirmative defense[s] on which the employer has the burden of proof, and those exemptions are to be narrowly construed against the employers seeking to assert them." *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501-02 (6th Cir. 2007) (internal quotations and citations omitted). The district court rejected Defendant's definition of "commission" and found, as matter of law, that to constitute a commission under 29 U.S.C. § 207(i), the employer must establish some proportionality between the compensation to the employees and the amount charged to the customer. The district court reached its conclusion after thoroughly analyzing relevant case law and Department of Labor publications, noting that "the precedent cited by both parties seems to reinforce—or at least not undermine—the need for proportionality in any commission-based system." *Wilks v. Pep Boys*, 2006 WL 2821700, at \*14 (M.D. Tenn. Sept. 26, 2006).

2

Given that the relevant authority supports a proportionality requirement to the overtime pay exemption under the FLSA, and that courts must interpret such exemptions narrowly and against the employer, *see, e.g., Thomas*, 506 F.3d at 501-02, we conclude that the district court's comprehensive and well-reasoned opinion supports its legal conclusion and the denial of Defendant's motion for partial summary judgment. Because the issuance of a detailed written opinion by this Court would be repetitious, the judgment rendered by the Honorable Aleta A. Trauger is affirmed on the basis of the reasoning set forth in the September 26, 2006 opinion and order.